IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN KENNETH LEADINGHAM (#397758), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:14-cv-932-K-BN |
| WARDEN KENNETH MCKEE, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Brian Kenneth Leadingham, a prisoner in the State of Michigan, has filed an application for writ of habeas corpus challenging the duration of his current confinement.

"Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d); *see also Ex parte Green*, 39 F.3d 582, 583-84 (5th Cir. 1994). These filing requirements are jurisdictional. *See United States v. Mares,* 868 F.2d 151, 152 (5th Cir. 1989).

Petitioner states that he was convicted in the "36th Judicial Circuit County Courthouse [in] Paw Paw, Michigan." *See* Dkt. No. 3 at 1. He is currently incarcerated in the Bellamy Creek Correctional Facility in Ionia, Michigan. *See id.* Because Petitioner was not convicted in Texas and is not incarcerated in Texas, the United States District Court for the Northern District of Texas lacks jurisdiction to entertain his petition.

## Recommendation

Petitioner's application for habeas corpus relief should be DISMISSED without prejudice for lack of jurisdiction.

Additionally, the docket sheet reflects that Petitioner failed to either pay the $5.00 filing fee or seek leave to proceed *in forma pauperis*. Because this case is subject to summary dismissal, the undersigned recommends that the Court waive the $5.00 filing fee in order to conserve scarce judicial resources that would be required to obtain the filing fee or a motion for leave to proceed *in forma pauperis* from Petitioner.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 26, 2014

 

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE